UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TERESA LATIMORE,

    Plaintiff,

v.

                                CASE NO.:
                                6:16-cv-1682-Orl-41-GJK

FIRST PREMIER BANK,

    Defendant

_____/

## COMPLAINT

COMES NOW Plaintiff, TERESA LATIMORE, by and through the undersigned counsel, and sues Defendant, FIRST PREMIER BANK, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like FIRST PREMIER BANK from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the

telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.     The alleged violations described herein occurred in Volusia County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Daytona, Volusia County, Florida.

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant, FIRST PREMIER BANK, is a corporation with its principal place of business located at 601 S. Minnesota Ave., Sioux Falls, South Dakota and is conducting business in the State of Florida.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     FIRST PREMIER BANK is a "creditor" as defined in Florida Statute §559.55(5).

16.     FIRST PREMIER BANK called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times since approximately March 2016 in an attempt to collect a debt.

17.     FIRST PREMIER BANK attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from FIRST PREMIER BANK.

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (386)XXX-9967, and was the called party and recipient of Defendant's calls.

20.     Beginning on or about March 1, 2016, FIRST PREMIER BANK began bombarding Plaintiff's cellular telephone (386)XXX-9967 in an attempt to collect on a consumer loan.

21.     On or about March 1, 2016, Plaintiff fell behind in making payments to FIRST PREMIER BANK on her account.

22.     Plaintiff asked FIRST PREMIER BANK to stop calling on multiple occasions; she explained that she was behind on her bills but would resume payments when she could.

23.     During one call to her cellular telephone from FIRST PREMIER BANK received May 22, 2016, Plaintiff answered and asked why they were still calling. FIRST PREMIER BANK's agent could not answer.  Again, Plaintiff asked for the calls to stop.

24.     Despite Plaintiff clearly revoking any prior express consent FIRST PREMIER BANK may have had to place calls to Plaintiff's cellular telephone, FIRST PREMIER BANK willingly chose to continue bombarding Plaintiff's cellular telephone with automated calls.

25.     Even after clearly revoking consent, Plaintiff received as many as four (4) calls per day.

26.     Due to the tremendous volume of calls she received, Plaintiff was not able to properly catalogue each and every call, however attached hereto as Exhibit "1" is a small sampling of the automated calls Plaintiff received from FIRST PREMIER BANK to her cellular telephone.

27.     FIRST PREMIER BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28.     FIRST PREMIER BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's

5

cellular telephone in this case, with no way for the consumer, Plaintiff, or FIRST PREMIER BANK, to remove the number.

29.     FIRST PREMIER BANK's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to FIRST PREMIER BANK they wish for the calls to stop.

30.     FIRST PREMIER BANK has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31.     FIRST PREMIER BANK has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requests to stop.

32.     FIRST PREMIER BANK has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

33.     FIRST PREMIER BANK's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

34.     FIRST PREMIER BANK has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35.     Not a single call placed by FIRST PREMIER BANK to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36.     FIRST PREMIER BANK willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37.     From each and every call placed without consent by FIRST PREMIER BANK to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

38.     From each and every call without express consent placed by FIRST PREMIER BANK to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from FIRST PREMIER BANK's calls.

39.     From each and every call placed without express consent by FIRST PREMIER BANK to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40.     Each and every call placed without express consent by FIRST PREMIER BANK to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted

calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41.     Each and every call placed without express consent by FIRST PREMIER BANK to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42.     Each and every call placed without express consent by FIRST PREMIER BANK to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

43.     Each and every call placed without express consent by FIRST PREMIER BANK to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

44.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

**COUNT I**
**(Violation of the TCPA)**

45.     Plaintiff fully incorporates and realleges paragraphs one (1) through forty four (44) as if fully set forth herein.

46.     FIRST PREMIER BANK willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified FIRST PREMIER BANK that she wished for the calls to stop.

47.     FIRST PREMIER BANK repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or

8

prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

    **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against FIRST PREMIER BANK for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

    48.    Plaintiff fully incorporates and realleges paragraphs one (1) through forty four (44) as if fully set forth herein

    49.    At all times relevant to this action FIRST PREMIER BANK is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

    50.    FIRST PREMIER BANK has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

    51.    FIRST PREMIER BANK has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

    52.    FIRST PREMIER BANK's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

    **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against FIRST PREMIER BANK for statutory damages, punitive

9

damages, actual damages, costs, interest, attorney fees, enjoinder from further violations

of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/Amy Ferrera, Esquire
Amy Ferrera, Esquire
Florida Bar #: 15313
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
amferrera@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff